UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAELENE C.,

    Plaintiff,

 v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C24-5032-MLP

ORDER

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by improperly applying the past relevant work rule and misevaluating the medical evidence and Plaintiff's testimony. (Dkt. # 16.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for an award of benefits under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

Plaintiff was born in 1965, has a high school education, and previously worked as a housekeeper. AR at 115, 123. She was last employed in November 2015. *Id.* at 1271.

ORDER - 1

1    In August 2016, Plaintiff applied for benefits, alleging disability as of November 2015. AR at 239-61, 1302. Her applications were denied initially and on reconsideration, and she requested a hearing. *Id.* at 155-63, 166-81. After a hearing in March 2018, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 27-44, 76-114. The Appeals Council denied her request for review, making the ALJ's decision the Commissioner's final ruling. *Id.* at 1-7. Plaintiff then appealed the decision to this Court. *Id.* at 817-19.

In March 2020, this Court reversed the ALJ's decision and remanded the case for further proceedings. AR at 822-34. Following a new hearing in December 2020, the ALJ again concluded that Plaintiff was not disabled. *Id.* at 720-91. Plaintiff appealed this decision. *Id.* at 1349-51. While this appeal was pending, she added a claim for Widow's Insurance Benefits, maintaining the same onset date in November 2015 and a Title II date last insured in June 2025. *Id.* at 1421, 1511-19. In November 2021, this Court reversed the ALJ's decision once more and remanded the case for further proceedings. *Id.* at 1349-54. After another hearing in June 2023, the ALJ issued a third decision, again finding Plaintiff not disabled. *Id.* at 1265-1326.

Using the five-step disability evaluation process,[1] the ALJ determined that Plaintiff had the severe impairments of lumbar degenerative disc disease, degenerative joint disease, and retrolisthesis. AR at 1272. Despite this, the ALJ concluded she could perform light work with limitations to occasional climbing, crawling, and exposure to vibration and extreme cold. *Id.* at 1272-73. The ALJ further found that Plaintiff could perform her past work as a housekeeper and was not disabled. *Id.* at 1282-83. Plaintiff appealed the Commissioner's final decision to this Court.[2] (Dkt. # 4.)

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] The Parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 2

|   |   |
|---|---|
| 1 | **III.    LEGAL STANDARDS** |
| 2 | Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social |
| 3 | security benefits when the ALJ's findings are based on legal error or not supported by substantial |
| 4 | evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a |
| 5 | general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the |
| 6 | ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) |
| 7 | (cited sources omitted). The Court looks to "the record as a whole to determine whether the error |
| 8 | alters the outcome of the case." *Id.* |
| 9 | "Substantial evidence" is more than a scintilla, less than a preponderance, and is such |
| 10 | relevant evidence as a reasonable mind might accept as adequate to support a conclusion. |
| 11 | *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th |
| 12 | Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical |
| 13 | testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d |
| 14 | 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may |
| 15 | neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.* |
| 16 | *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one |
| 17 | rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.* |
| 18 | **IV.    DISCUSSION** |
| 19 | A.    **The ALJ Did Not Err in Application of Past Relevant Work Rule** |
| 20 | Plaintiff contends the ALJ misapplied outdated rules regarding past relevant work. (Dkt. |
| 21 | # 16 at 6-7.) The Commissioner argues that the ALJ correctly applied the rules in effect at the |
| 22 | time. (Dkt. # 22 at 4.) The Court concurs with the Commissioner. |
| 23 |   |

When evaluating the ALJ's decision for error, the Court considers the "law[s] *in effect* at the time of the ALJ's decision." *Edward T. v. Comm'r of Soc. Sec.*, 2019 WL 1338394, at *4 n.1 (E.D. Wash. Mar. 25, 2019) (emphasis added). Under the regulations applicable at the time, work performed within the last fifteen years qualified as "past relevant work." 20 C.F.R. §§ 404.1565(a), 416.965(a). The updated regulations, effective June 2024, limit this to work performed within the last five years. *See* Final Rule, *Intermediate Improvement to the Disability Adjudication Process*, *Including How We Consider Past Work*, 89 Fed. Reg. 27653. The ALJ's June 2023 decision correctly applied the pre-2024 rules.

    **B.**  **The ALJ Erred in Evaluating Medical Evidence**

Plaintiff's application predates March 2017, thus the prior regulations for evaluating medical opinion evidence apply. Under these, a treating doctor's opinion, if uncontradicted, can only be rejected for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, it can only be rejected for "specific and legitimate reasons" supported by substantial evidence. *Id.* at 830-31 (citing *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

    1.  Thomas Gritzka, M.D.

In June 2018, Dr. Gritzka examined Plaintiff, finding she could stand for 15 minutes, walk for 15 minutes on even ground, sit for 30 minutes before moving, lift 10 pounds occasionally, and had difficulty with stairs. AR at 1013-25. The ALJ found this opinion unsupported and inconsistent with the record, asserting it was based on general knowledge rather than objective evidence. *Id.* at 1281.

Plaintiff argues the ALJ misrepresented the evidence. (Dkt. # 16 at 10.) The Court agrees. While the ALJ cited clinical findings of normal gait and strength to refute Dr. Gritzka's opinion, these observations must be viewed within the overall diagnostic context. AR at 1281; *see*

*Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (clinical findings must be viewed in context). An ALJ cannot reject evidence based on an inaccurate portrayal of the record. *See Reddick v. Chater,* 157 F.3d 715, 722-23 (9th Cir. 1998). The simple fact that Plaintiff had some normal gait and strength findings is not necessarily probative of how far she can walk, nor does it prove anything about her chronic pain. *See, e.g.*, *Sofia D. v. Saul*, 2021 WL 5020448, at *5 (C.D. Cal. Jan. 28, 2021); *Romo v. Astrue*, 2010 WL 3386448, at *4 (C.D. Cal. Aug. 26, 2010). Contrary to the ALJ's finding, these records reflect Plaintiff's chronic severe pain and failed conservative treatment. *See generally id.* at 392, 394, 397, 399, 402-08, 416-53, 456-62, 466-84, 497, 500, 504, 616, 625, 629, 641, 1029, 1033, 1098-118, 1127-28, 1671-706, 1925, 1970-2014, 2207. These records also show that Plaintiff required assistance to get onto a procedure table (*id.* at 456-62), was hospitalized after her medication triggered an acute allergic reaction (*id.* at 1098-118), and had difficulty standing from a seated position. *Id.* at 1033. These records align with Dr. Gritzka's assessment, showing Plaintiff's difficulty with daily activities and persistent pain.

      Moreover, the ALJ's claim that Dr. Gritzka's assessment was speculative is unfounded. Dr. Gritzka's opinion was based on a thorough review of medical records and imaging, his examination findings, and the chronic nature of Plaintiff's pain syndrome. AR at 1013-21. The ALJ's reference to post-dated medical records fails to negate the substantial support for Dr. Gritzka's findings. *Id.* at 1281. These records also reflect ongoing treatment efforts for chronic pain and spinal issues, consistent with Dr. Gritzka's evaluation. *Id.* at 1129-32, 1152-53.

      Additionally, Plaintiff's reported activities, such as occasionally walking small dogs and driving with frequent breaks, do not contradict Dr. Gritzka's opinion. AR at 1313-19. The Ninth Circuit has repeatedly cautioned against equating daily activities with the ability to work,

ORDER - 5

recognizing that activities at home do not necessarily transfer to a workplace. *See*, *e.g.*, *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998); *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). Considering this, the Court finds the ALJ's decision is not supported by substantial evidence.

        2.      *Brent Packer, M.D., and Myrna Palasi, M.D.*

In July 2016, Dr. Packer opined that Plaintiff could perform sedentary work with moderate postural limitations and attendance issues. AR at 485-87, 1232-41. Dr. Palasi later affirmed this assessment, citing significant limitations due to chronic pain. *Id.* at 1232-41, 2172-74. The ALJ found these opinions unpersuasive. *Id.* at 1280. Plaintiff argues the ALJ erred by dismissing these doctors' opinions based on the same flawed reasons used to reject Dr. Gritzka's opinion and Plaintiff's testimony. (Dkt. # 16 at 14-15.) The Court concurs.

    C.    **The ALJ Erred in Evaluating Plaintiff's Testimony**

The ALJ evaluated Plaintiff's testimony regarding her inability to work due to chronic back pain and difficulty with bending or climbing stairs, and that back injections, treatment, and physical therapy had not provided sufficient relief. AR at 1273. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount Plaintiff's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). The ALJ cited Plaintiff's activities, treatment records, and medical findings to discount her testimony. *Id.* at 1273-75, 1278-80. Plaintiff challenges this rationale. (Dkt. # 16 at 15-17.)

The ALJ claimed that Plaintiff "reported that she was reasonably active," yet the cited record—from an appointment where pain medication was increased—shows Plaintiff's treatment provider noted Plaintiff "feels most of her days with care of grandchildren, claims to reasonably

ORDER - 6

1  active with that despite the back pain, but gets winded on any significant exertion, and has
2  exacerbation of back spasms frequently." AR at 1129. This context suggests that Plaintiff was
3  significantly limited in her ability to care for her grandchildren and that such activities
4  aggravated her pain. Similarly, Plaintiff testified that she watched her grandchildren after school
5  until their mother returned, which involved getting snacks and sitting with them. *Id.* at 1576.
6  Spending a few hours sitting with her school-aged grandchildren does not demonstrate that she
7  was reasonably active, especially since this minimal activity significantly worsened her
8  symptoms according to the treatment note.

9        The ALJ further mentioned that Dr. Talbot reported Plaintiff walked her dog and watched
10 her 1-year-old-grandson daily. AR at 1279 (citing *id.* at 1919). However, there is no detailed
11 information regarding the frequency, duration, or nature of these activities. Elsewhere in the
12 record, Dr. Talbot also stated that Plaintiff babysat her grandchildren during the day. *See, e.g., id.*
13 at 1940. This aligns with Plaintiff's earlier testimony and her June 2023 testimony that she could
14 only walk a block or two, was limited in her ability to babysit, and relied on her family for help
15 with children, chores, and driving. *Id.* at 1313-19. The ALJ's reference to an April 2023 record
16 indicating Plaintiff continued to walk her dog—likely one or two blocks—is also consistent with
17 her testimony. *Id.* at 1279 (citing *id.* at 2207).

18       The ALJ also found Plaintiff's ability to travel from Ocean Shores to Seattle for treatment
19 inconsistent with her claims of difficulty sitting. AR at 1279. Plaintiff testified that this trip took
20 four hours due to her need to stop and rest because of pain. *Id.* at 1309, 1319. The ALJ
21 acknowledged these trips could take "at least 2 hours but with the potential to be significantly
22 longer." *Id.* at 1279. Plaintiff did not allege an inability to drive or sit for any period, however,
23 and the mere fact that she traveled for treatment does not provide a legitimate reason to discount

ORDER - 7

her testimony. The record demonstrates that Plaintiff required frequent family assistance, could only walk a block or two, was limited in her ability to care for her grandchildren, and took twice as long to drive due to pain. None of these activities demonstrate an ability to perform sustained work activities, nor do they contradict her testimony. *See Garrison*, 759 F.3d at 1016.

Finally, the ALJ's selective reliance on medical findings to reject Plaintiff's testimony is inadequate. AR at 1273-75, 1278-80. As discussed *supra*, the overall record reflects significant treatment for chronic pain and physical issues, supporting Plaintiff's claims. *Id.* at 392, 394, 397, 399, 402-08, 416-53, 456-62, 466-84, 497, 500, 504, 616, 625, 629, 641, 1029, 1033, 1098-118, 1127-28, 1671-706, 1925, 1970-2014, 2207. The ALJ erred in rejecting Plaintiff's testimony on these grounds.

**D.     Proper Remedy is an Award of Benefits**

Plaintiff argues remand for an award of benefits is the proper remedy, asserting that the record is complete and the improperly discounted evidence supports a finding of disability (Dkt. # 16 at 18). The Commissioner contends that even if the ALJ erred, conflicts in the record, including Plaintiff's normal exam findings, activities, treatment history, and the opinions of non-examining doctors, must be addressed by the ALJ (Dkt. # 22 at 17-18).

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits: (1) the record must be fully developed such that further administrative proceedings would serve no useful purpose; (2) the ALJ must have failed to provide legally sufficient reasons for rejecting evidence; and (3) if the improperly discredited

evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand. *Garrison*, 759 F.3d at 1020.

The Court concludes that each of these factors is satisfied, warranting remand for the calculation and award of benefits. First, the record is extensive, totaling thousands of pages and including treatment notes documenting numerous doctors' visits addressing Plaintiff's complaints during the relevant period. *See generally* AR at 8-20, 45-75, 381-719, 982-1264, 1668-2243 (medical evidence). The record also includes Plaintiff's repeated testimony in hearings before the ALJ and responses to questionnaires about her limitations, all corroborating her claims. *Id.* at 273-81 (August 2016 function report); 334-43 (January 2017 function report); 76-114 (March 2018 testimony); 845-84 (September 2019 testimony); 742-91 (December 2020 testimony); 1625-32 (May 2021 function report); 1297-326 (June 2023 testimony). Dr. Gritzka's opinion is developed and substantiated by his examination findings and review of the longitudinal record, and the Vocational Expert ("VE") specifically testified that an individual with Dr. Gritzka's opined limitations would be unable to sustain work. *Id.* at 1323-25 (VE testified that if Plaintiff was limited to sedentary work, could only stand and walk for 15 minutes at a time, could only lift and carry ten pounds, or was off task 15 percent of time, she would be unable to sustain employment).

Although the Commissioner argues further proceedings would allow the ALJ to revisit the evidence he rejected for legally deficient reasons, our precedent and the objectives of the "credit as true" rule preclude this argument. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."). "The Commissioner, having lost this appeal, should not have another opportunity to show [Plaintiff] is not credible

ORDER - 9

any more than [Plaintiff], had [she] lost, should have an opportunity for remand and further proceedings." *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) (citation omitted). Remanding for further proceedings because the ALJ failed to provide any legitimate reasons for discounting evidence would contribute to waste and disincentivize the ALJ's obligation. This is the essence of the "heads we win; tails, let's play again" adjudication cautioned against in *Benecke*. 379 F.3d at 595.

The other two factors are also satisfied. The ALJ credited the non-examining consultants' opinions that Plaintiff could do light work with frequent postural activities. AR at 1280. These opinions conflict with Dr. Gritzka's assessment. The applicable regulations and case law require the ALJ to give specific, legitimate reasons for giving non-examining opinions more weight than those of examining physicians. *See, e.g.*, *Garrison*, 759 F.3d at 1012; *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007); *Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir. 1984). The ALJ's conclusory and erroneous paraphrasing of the objective evidence and Plaintiff's activities does not meet this burden.

Nor is there "serious doubt" based on "an evaluation of the record as a whole" that Plaintiff is disabled, *Trevizo v. Berryhill*, 871 F.3d 664, 677 (9th Cir. 2017), given her severe impairments of lumbar degenerative disc disease, degenerative joint disease, and retrolisthesis; other conditions from which she suffers, including obesity, sacroiliac joint and bilateral hip degenerative joint disease, diverticulitis, diverticulosis, colon polyps, status-post ankle fracture, bilateral cataracts status post-surgery, and myopia; and advanced age and lack of skills. AR at 1271-82. This conclusion follows directly from the ALJ's errors and the improperly rejected evidence, credited as true—an examining provider and two reviewing consultants deemed

Plaintiff disabled because of an array of severe physical impairments, and a VE explicitly testified that a person with the opined impairments could not work.

The Commissioner simply repeats the arguments that have been made, asserting that Plaintiff's testimony and the evidence from her treating and examining providers should be rejected in favor of non-examining opinions. (Dkt. # 22 at 17-18). The Commissioner dwells on a handful of records showing slight improvements in Plaintiff's condition or unrelated physical exam findings. (*Id.* at 16-17.) At no point does the Commissioner advance an argument that the ALJ overlooked evidence in the record which undermines Plaintiff's claim to be disabled. The record reflects that Plaintiff has been afflicted with a variety of severe physical impairments since her onset date. Even if these symptoms have occasionally abated—while in treatment and minimizing stress—the Court sees no reason to doubt that she has been unable to work since November 2015.

Finally, the "exceptional facts" of this case strongly favor remand for immediate payment of benefits. *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). Plaintiff is 59 years old, sought benefits eight years ago, and her claimed disability began ten years ago due to traumatic injuries from a motor vehicle accident where she was ejected from the vehicle. AR at 8. "[F]urther delays at this point would be unduly burdensome." *Terry*, 903 F.2d at 1280 (using discretion to grant benefits where claimant was 64 and applied for benefits four years prior, despite lack of development regarding a potential job); *Trevizo*, 871 F.3d at 682-83 (granting benefits where claimant was 65 and sought benefits seven years prior, despite some unexplained non-compliance with treatment). Plaintiff satisfies the "credit as true" rule, and a careful review of the record discloses no reasons to seriously doubt her disability status. Remand for further proceedings serves no useful purpose.

ORDER - 11

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for an award of benefits beginning on the onset date of November 20, 2015, under sentence four of 42 U.S.C. § 405(g).

Dated this 8th day of August, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 12